UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                         :

Missed Call, LLC,                           :

                       Plaintiff,     :      **ORDER AND OPINION**

                                      :      **GRANTING MOTION TO**

    -against-                     :      **DISMISS**

Cloudtalk.io, Inc.,                  :      25 Civ. 7776 (AKH)

                       Defendant.    :

                                            :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant CloudTalk.io, Inc. ("CloudTalk" or "Defendant") moves to dismiss the First Amended Complaint of Plaintiff Missed Call, LLC ("Missed Call" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the sole patent asserted in this case, U.S. Patent No. 9,531,872 ("the '872 Patent"), is invalid under 35 U.S.C. § 101 because its claims are directed to patent-ineligible abstract ideas. For the reasons set forth below, CloudTalk's motion is granted, and the Complaint is dismissed with prejudice.

## FACTS

Missed Call is a Texas limited liability corporation. On December 27, 2016, the United States Patent and Trademark Office (the "PTO" or "Patent Office") issued U.S. Patent No. 9,531,872, entitled "Communication Apparatus for Providing an Indication About a Missed Call, and Method Thereof." Missed Call is the assignee in all rights, title, and interest in the '872 Patent. Missed Call sued CloudTalk alleging direct patent infringement of the '872 Patent under 35 U.S.C. § 271(a).

The specifications of the '872 Patent describe the invention as a communication device that provides the user with information about whether a missed call was urgent or non-

urgent based on why the call was terminated. Specifically, if the call was terminated by the network, it is categorized as urgent and if it was terminated by the caller, it is categorized as non-urgent.

The '872 Patent addresses a problem in telecommunications wherein when a user misses a call, prior art systems would tell a user that the call was missed but not why the call was ended. The patent notes prior art systems that counted the number of rings before disconnection as a proxy for the caller's urgency, which the '872 Patent claimed was unreliable. '872 Patent at 2:17–19. The '872 Patent's methods take existing information about the call, whether it was terminated by the network or caller, and provides the user with a categorization of urgent or non-urgent based on that information.

The '872 Patent contains thirteen claims, including two independent claims: Claim 1 (an apparatus claim) and Claim 10 (a method claim). Claim 1 is described as "[a] communication apparatus for providing an indication about a missed telephone call" comprising of "receiving means for receiving an incoming call; control unit configured to process said received incoming call that is received by the communication apparatus; output means for outputting information to a user of the communication apparatus; and processing means for extracting a cause value contained in a cause information element sent from a network to said communication apparatus." '872 Patent at 6:32-41. Claim 10 is described as "[a] method for providing an indication about a missed call" comprised of receiving an incoming call, processing the call, "extracting a cause value from a cause information element from a network" as to why the call was terminated and "outputting to the user an indication related to the cause value." *Id.* at 7:24–40; 8:1–20.

The specification describes the hardware components in generic terms: the "communication apparatus" is "a mobile phone" or "a fixed phone" (*id.* at 3:15–18); the "receiving

2

means" is "an antenna, or the like" (*id.* at 3:27–31); and the "output means" is "a display" or "a loudspeaker, a speaker or similar means apt to output information to a user" (*id.* at 3:32–37).

Missed Call filed this action on September 18, 2025, asserting infringement of Claims 1–13 of the '872 Patent. CloudTalk filed its motion to dismiss on November 3, 2025. For the reasons discussed below, I grant the motion.

## LEGAL STANDARD

"Patent eligibility, a question of law often involving subsidiary factual questions, can be decided on a motion to dismiss when there are no factual allegations that, taken as true, prevent resolving the eligibility question as a matter of law." *inMusic Brands, Inc. v. Sony Corp. of Am.*, No. 22 CIV. 6602 (AKH), 2023 WL 2478290, at *2 (S.D.N.Y. Mar. 13, 2023) (citations omitted). While a court must construe the facts in the light most favorable to the non-moving party, the court should not accept as true allegations that contradict matters subject to judicial notice, such as patent claims, specifications, and prosecution history. *See, e.g., Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017). Factual disputes about whether an aspect of the claims is inventive "may preclude dismissal at the pleadings stage under § 101." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1318 (Fed. Cir. 2019) (citations omitted).

The Supreme Court outlined a two-step test for determining whether claims are directed to patent-ineligible subject matter in *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 217–18 (2014). First, the court considers whether the claims as a whole are directed to a patent-ineligible concept, such as an abstract idea. *See id.* at 217-18; *see also Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 77–79 (2012). Second, if the claims are directed to an abstract concept, the court shall "search for an 'inventive concept,'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to

3

significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 573 U.S. at 217-18, 221, 224-26 (quoting *Mayo*, 566 U.S. at 72-73).

## DISCUSSION

As applied below, I find that under *Alice*, the '872 Patent's claims are directed at an abstract idea and do not have an inventive concept. Therefore, I hold that the '872 Patent is invalid and grant Defendant's motion to dismiss.

### I.    Step One: The '872 Patent claims are directed at an abstract idea.

Step One considers "what the patent asserts to be the focus of the claimed advance over the prior art ... focus[ing] on the language of the [a]sserted [c]laims themselves, considered in light of the specification." *Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021), cert. denied, 212 L. Ed. 2d 10, 142 S. Ct. 1113 (2022). Based on this analysis, the Court should determine whether the claim is abstract.

The Federal Circuit has held that "collecting information, analyzing it, and displaying certain results of the collection and analysis" are within the abstract idea category. *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016). Further, it is "recognized that merely presenting the results of abstract processes of collecting and analyzing information, without more (such as identifying a particular tool for presentation), is abstract as an ancillary part of such collection and analysis." *Id.* at 1354.

The focus of the '872 Patent's claim advance is taking a pre-existing, standardized network signal that already categorized the reason for call termination and using it to label a missed call as "urgent" (if terminated by the network) or "not urgent" (if terminated by the caller), then displaying that label to the user. Such claims are abstract. The "process of gathering and analyzing information of a specified content, then displaying the results" without use of an inventive technology "are [] directed to an abstract idea." *Id.*; *see also Voip-Pal.Com, Inc. v. Apple Inc.*, 375

4

F. Supp. 3d 1110 (N.D. Cal. 2019), *aff'd sub nom. Voip-Pal.com, Inc. v. Twitter, Inc.*, 798 F. App'x 644 (Fed. Cir. 2020) (finding claims classifying telephone communications into categories of public and private to be abstract).

Additionally, Plaintiff's claims are not improvements to the technology itself that processes the network signal information or improvements to any other physical device, which would allow patentability under *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016). Rather, the claimed improvement is to the message to the user based on existing technology and data. *See Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1262 (Fed. Cir. 2016) (claims "directed not to an improvement in cellular telephones but simply to the use of cellular telephones as tools in the aid of a process focused on an abstract idea" are not patent eligible).

Therefore, I hold that the claims in the '872 Patent are directed at an abstract idea.

## II.    Step Two: The claims lack an inventive concept.

Under *Alice* Step Two, where the Court finds that the patent is directed to an abstract concept, the Court then must determine whether there is an "inventive concept." *Alice*, 573 U.S. at 224-26.    An inventive concept must "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry,'" *Berkheimer v. HP, Inc.*, 881 F.3d 1360, 1367 (Fed. Cir. 2018). "[M]ere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea." *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607, 613 (Fed. Cir. 2016). Here, the '872 Patent is not an inventive concept.

The claim elements of the '872 Patent involve already well-understood and routine technologies, as the patent uses existing telephonic technologies that it does not improve upon. The patent does not involve any novel technique for generating or extracting the telephone data that it uses in its application. Rather, it takes existing information and presents it to the user in a

5

new way. This does not create an inventive concept. *See* '872 Patent at 3:15–48. Merely "reciting functions in general terms for accessing, scheduling, and then displaying data, are not inventive, but conventional." *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1341 (Fed. Cir. 2018); *see also Reese v. Sprint Nextel Corp.*, 774 F. App'x 656, 661 (Fed. Cir. 2019) ("Reciting an abstract idea and applying it on telephone network equipment is not enough for patent eligibility.").

Missed Call argues that the inventive concept lies in the idea of using cause values to determine urgency. But that is the abstract idea identified at step one. "The abstract idea itself cannot supply the inventive concept." *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1084, 1093 (Fed. Cir. 2019).

Missed Call also argues that factual questions about conventionality preclude dismissal at this stage under *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018). *Berkheimer* requires an actual factual dispute, not merely the assertion that one might exist. Here, there are no well-pled factual allegations that would create a genuine dispute about whether the claim elements were well-understood, routine, and conventional. "[G]eneralized assertions that factual considerations about the state of the art preclude a decision at the pleadings stage" do not prevent dismissal. *Beteiro, LLC v. DraftKings Inc.*, 104 F.4th 1350, 1358 (Fed. Cir. 2024).

I therefore hold that the patent at issue is invalid, as it is directed to an abstract idea and lacks an inventive concept.

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss is granted. The Clerk of Court shall terminate ECF No. 14 and close the case.

SO ORDERED.

Dated:        March 12, 2026
              New York, New York

ALVIN K. HELLERSTEIN
United States District Judge